USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/24/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIO TINGLING,
                      Petitioner,

      - against -

JOHN J. DONELLI,

                      Repondent.
------------------------------------------------------------X

07 Civ. 1833 (RMB) (DF)

**ORDER**

## I.   Background

On or about February 6, 2007, Mario Tingling ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his November 12, 2003 conviction, following a jury trial in New York State Supreme Court, New York County, for promoting prostitution in the second degree in violation of New York Penal Law § 230.30(2); and endangering the welfare of a child in violation of New York Penal Law § 260.10(1). Petitioner was sentenced on November 12, 2003 to a seven-and-one-half to fifteen year term of imprisonment for promoting prostitution and given a concurrent sentence of one year for child endangerment.

Petitioner appealed his conviction on the ground that his due process rights were violated when the trial court admitted "evidence of [a witness's] prior acts at [a] strip club, of [the witness's] prior acts of prostitution, and the names of other girls living in [D]efendant's apartment." (Decl. of Jodi A. Danzig in Opp'n to Pet. For Writ of Habeas Corpus, dated June 12, 2007 ("Danzig Decl."), Ex. B at 19; see also Pet. ¶ 13.) On September 29, 2005, the Appellate Division, First Department affirmed Petitioner's conviction, finding that the trial court "properly exercised its discretion in admitting the uncharged crimes evidence challenged by

[Petitioner] on appeal since it went directly to the issue of whether [Petitioner] knowingly advanced or profited from prostitution, as required by Penal Law § 230.30," and was not "cumulative or unduly prejudicial." People v. Tingling, 21 A.D.3d 857, 857–58 (1st Dep't 2005). On November 28, 2005, the New York State Court of Appeals denied leave to appeal. See People v. Tingling, 5 N.Y.2d 885 (2005).

In the Petition, Petitioner argues, among other things, that "[t]he admission into evidence of uncharged crimes, including [Petitioner's] alleged profiting from women who danced in strip clubs and worked as prostitutes, was unduly prejudicial because [Petitioner] was charged with an isolated incident of promoting prostitution." (Pet. ¶ 13.) On July 12, 2007, Respondent filed an opposition to the Petition.

On September 2, 2008, United States Magistrate Judge Debra Freeman, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report"), recommending that the Petition be denied. Judge Freeman determined, among other things, that "the trial court's ruling allowing the prosecution to elicit testimony regarding 'uncharged crimes' was not improper under [People v. Molineux, 168 N.Y. 264 (N.Y. 1901)]" because it "was relevant to an essential element of the charge against Petitioner"; and "even if the challenged evidence was admitted erroneously, it cannot be deemed sufficiently substantial, significant, or crucial . . . to have denied [Petitioner] the fundamentally fair trial required by the Due Process clause." (See Report at 12–13) (internal quotations and citation omitted). Judge Freeman also recommended that the Court decline to issue a certificate of appealability because Petitioner had not "made a substantial showing of the denial of a constitutional right." (See Report at 15 (quoting 28. U.S.C. § 2253(c)(2)).)

2

The Report allowed the parties ten days to file written objections. To date, neither party has submitted objections.

**For the reasons set forth below, the Report is adopted in its entirety and the Petition is dismissed.**

## II.  Standard of Review

The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

When a petitioner is proceeding pro se, the Court will liberally construe his petition and interpret it to state the strongest argument that it suggests. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

## III.  Analysis

A review of the Report shows that Judge Freeman's recommendations are neither clearly erroneous nor contrary to law; in fact, they are supported by the law in all respects.

Judge Freeman properly determined that the testimony regarding uncharged crimes was properly admitted because it "was relevant to an essential element of the [promoting prostitution] charge – specifically, [Petitioner's] knowledge that [the witness] was working as a prostitute." (Report at 12); see also Rashid v. Kuhlman, No. 97 Civ. 3037, 2000 WL 1855114, at *13 (S.D.N.Y. Dec. 19, 2000) ("Evidence of uncharged crimes is admissible to show . . . knowledge."); Pawlowski v. Kelly, 932 F. Supp. 475, 488 (W.D.N.Y. 1995).

Judge Freeman also properly determined that, even if the trial court had erroneously admitted the uncharged crimes evidence, the error did not affect the fundamental fairness of Petitioner's trial because "[t]he evidence was not sufficiently material to have provided an independent basis for Petitioner's conviction." (Report at 13); see also Johnson v. Ross, 955 F.2d 178, 181 (2d. Cir. 1992) ("[E]ven if the testimony . . . were inadmissible hearsay, it neither provided the basis for his conviction nor removed a reasonable doubt that would have existed without it."). And, Judge Freeman properly concluded that there was ample "other strong evidence of Petitioner's guilt." (Report at 13); see also Hughes v. Phillips, 457 F. Supp. 2d 343, 367 (S.D.N.Y. 2006) ("[I]n light of the overwhelming evidence of petitioner's guilt . . . even if it were error to admit such testimony, the error was not of such magnitude as to have denied petitioner a fundamentally fair trial.").

### IV. Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing, and a certificate of appealability is neither warranted nor appropriate in this case.

### V. Conclusion and Order

For the reasons set forth in the Report and herein, the Court adopts the Report in its entirety. The Petition is dismissed, and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
October 24, 2008



RICHARD M. BERMAN, U.S.D.J.